IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION,<br>   *Petitioner*<br><br>NEWSUN ENERGY LLC,<br>   *Petitioner-Intervenor*<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br>   *Respondent*<br><br>EDISON ELECTRIC INSTITUTE INC.,<br>   *Respondent-Intervenor*<br><br>AMERICAN FOREST & PAPER ASSOCIATION,<br>   *Intervenor.* | Case Nos. 20-72788, 20-73375, 21-70113, 21-70083 |

## MOTION TO EXTEND TIME TO FILE PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Pursuant to Rules 26(b), 27(a) and 40(a) of the Federal Rules of Appellate Procedure and Circuit Rule 27, Montana Environmental Information Center, Sierra Club, Center for Biological Diversity, Vote Solar, Community Renewable Energy Association, Appalachian Voices, Alabama Center for Sustainable Energy d/b/a Energy Alabama, Georgia Interfaith Power & Light Inc., North Carolina

Sustainable Energy Association, and Upstate Forever ("Public Interest Petitioners") respectfully request a 45-day extension of the deadline to file a petition for rehearing in the above-captioned case, with a new deadline to file any such petitions, for all parties, of December 8, 2023. As set forth below, Public Interest Petitioners make this request based on diligence and substantial need, and good cause exists for the requested extension.

On September 5, 2023, a three-judge panel of this Court issued an Opinion granting in part and denying in part the petitions for review brought by several petitioners in this consolidated case and remanding without vacatur rules adopted by the Federal Energy Regulatory Commission (FERC).

Absent an extension, a petition for rehearing is due on **October 20, 2023**, 45 days after entry of judgment. Fed. R. App. P. 35(c), 40(a). This Court may extend a due date for good cause, specifically upon a showing of diligence and substantial need. Fed. R. App. P. 26(b); 9th Cir. R. 31-2.2(b).

Public Interest Petitioners are currently evaluating the Court's Opinion, including whether to file a petition for panel rehearing or

rehearing en banc. However, any decision to file a petition, or not to file a petition, must be considered and approved by the representatives of each of the ten Public Interest Petitioner organizations. Those organizations are currently involved in multiple contested ratemaking proceedings and appeals of such decisions across multiple states with overlapping hearing and briefing schedules through at least November 12, 2023, with additional likely supplemental proceeding after that date. As set forth in the accompanying declaration, counsel for the Public Interest Petitioners in this case is the sole or lead counsel in numerous pending matters coinciding with the period between the Court's Opinion and the deadline to file a petition for rehearing. Those commitments preclude Petitioners from conferring and dedicating the time and attention necessary to prepare any rehearing petition.

Fed. R. App. P. 26(b) provides that "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." An extension of time to file a petition for panel rehearing or rehearing en banc is also permitted by Fed. R. App. P. 40(a)(1) and

35(c). An extension of time to file a petition for panel rehearing or rehearing en banc is not prohibited by Fed. R. App. P. 26(b).

Good cause exists to grant Public Interest Petitioners' request for an extension to file a petition for panel rehearing or en banc because of the unavoidable scheduling conflicts for several of the 10 separate Petitioners who must each determine whether to seek rehearing. Counsel for the Petitioners are unable to prepare a petition for rehearing without such approval. Moreover, as set forth in the attached declaration, counsel primarily responsible for preparing any rehearing petition has unavoidable litigation schedule conflicts in several overlapping ratemaking proceedings and appeals in several states through at least November 12, 2023. And representatives of the Petitioners necessary to approve any request for rehearing, or decision not to seek rehearing, will be unavailable during the holiday week at the end of November.

Public Interest Petitioners' counsel communicated their intent to seek an extension with the parties' counsel on October 9, 2023. Counsel for FERC, Large Public Power Council, American Forest and Paper Association, American Public Power Association, and National

Rural Electric Cooperative Association represent that those parties take no position regarding Petitioners' request. One Energy states that it does not oppose Petitioners' request. Solar Energy Industries Association and NewSun Energy both consent to Petitioners' request. Intervenor Edison Electric Institute states that it opposes any extension because it "will unnecessarily protract this long-pending litigation."

No party is unduly prejudiced by an extension. The status quo remains in place and the matter is remanded to FERC, regardless of whether, or when, any rehearing petition is filed. Moreover, the length of time that this matter has been pending is not the result of any actions or inactions of the Petitioners.

WHEREFORE, Petitioners respectfully request that the Court extend the deadline to file a petition for rehearing until December 8, 2023.

Dated: October 12, 2023.  Respectfully submitted,

/s/ David C. Bender
David C. Bender
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001

Tel: (202) 667-4500
dbender@earthjustice.org

*Counsel for Montana Environmental Information Center, Sierra Club, Center for Biological Diversity, and Vote Solar*

Gregory M. Adams
Richardson Adams, PLLC
515 N. 27th Street
Boise, Idaho 83702
Tel: (208) 938.2236
Fax: (208) 938.7904
greg@richardsonadams.com

*Counsel for Community Renewable Energy Association*

Nicholas Jimenez
Southern Environmental Law Center
601 West Rosemary St., Ste. 220
Chapel Hill, NC 27516
Tel: (919) 967-1450
njimenez@selcnc.org

*Counsel for Appalachian Voices, Alabama Center for Sustainable Energy d/b/a Energy Alabama, Georgia Interfaith Power & Light Inc., North Carolina Sustainable Energy Association, and Upstate Forever*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it does not exceed 5,200 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century 14-point font using Microsoft Word for Office 365.

Dated: October 12, 2023.

/s/ David C. Bender
David C. Bender
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
dbender@earthjustice.org

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION,<br>   *Petitioner*<br><br>NEWSUN ENERGY LLC,<br>   *Petitioner-Intervenor*<br><br>   v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br>   *Respondent*<br><br>EDISON ELECTRIC INSTITUTE INC.,<br>   *Respondent-Intervenor*<br><br>AMERICAN FOREST & PAPER ASSOCIATION,<br>   *Intervenor.* | Case Nos. 20-72788, 20-73375, 21-70113, 21-70083 |

### DECLARTION OF DAVID C. BENDER IN SUPPORT OF MOTION TO EXTEND TIME TO FILE PETITION FOR PANEL REHEARING OR REHEARING EN BANC

I, David C. Bender, declare:

1. I am an attorney at Earthjustice, attorney of record for Montana Environmental Information Center, Sierra Club, Center for Biological Diversity, and Vote Solar in this case pending in the United States Court of Appeals for the Ninth Circuit.

2. I make this declaration in support of Petitioners' Motion to Extend Time to File Petition for Panel Rehearing or Rehearing En Banc. I know of and am competent to testify as to the facts in this declaration.

3. On September 5, 2023, the Court entered its Opinion, granting in part and denying in part, Petitioners' action seeking review of the Federal Energy Regulatory Commission's rulemaking Orders 872 and 872-A.

4. Without an extension, a petition for panel rehearing or rehearing en banc must be filed within 45 days, which is October 20, 2023.

5. Petitioners are evaluating whether to file any petitions for rehearing. Any such decision must be approved by 10 separate organizations.

6. I am primarily responsible for preparing any petition for rehearing. Since the Court's Opinion on September 5, 2023, I have been or will be the primary attorney responsible for the following filings, hearings, and arguments in other pending matters:

> *In re Madison Gas and Electric Co.*, Docket 3270-UR-125 (Pub.Serv.Comm'n Wis.)
> - Offered rebuttal evidence     9/12/23
> - Offered surrebuttal evidence     9/15/23
> - Hearing     9/19/23
> - Revised Testimony     9/22/23

- Initial Brief 9/28/23
- Reply Brief 10/5/23

*In re Wisconsin Power and Light Co.*, Docket 6680-UR-124 (Pub.Serv.Comm'n Wis.)
- Offered direct evidence 9/5/23
- Offered rebuttal evidence 9/19/23
- Offered surrebuttal evidence 9/25/23
- Hearing 9/27/23
- Revised Testimony 10/2/23
- Initial Brief 10/6/23
- Reply Brief 10/13/23

*In re Midwest Renewable Energy Association*, Docket 9300-DR-105 (Pub. Serv. Comm'n Wis.)
- Response to Motion to Strike 9/7/23
- Reply Brief 9/13/23

*In re Evergy Application for Tariff Changes to Wholesale Demand Response Participation*, Docket 23-EKCE-588-TAR (Kan. Corp. Comm'n).
- Brief in Opposition to Non-unanimous Settlement Agreement 9/22/23
- Commission Order Due 9/24/23
- Petition for Rehearing 11/8/23

*Midwest Renewable Energy Association v. Pub. Serv. Comm'n*, Case No. 2022AP968 (Wis.Ct.App.)
- Oral Argument 11/16/23

*Sierra Club v. Pub. Serv. Comm'n*, Case No. 2023AP997 (Wis.Ct.App.)
- Reply Brief 10/24/23

*Sierra Club v. Dept. of Natl. Resources*, Circuit Court Case No. 23-CV-2379
- Petition for Judicial Review 9/11/23
- Opening Brief 11/8/23

7. I communicated with the parties through at least one attorney of record for each party to inquire about their position regarding Petitioners' request for an extension of time to file any rehearing petition. Counsel for FERC, Large Public Power Council, American Forest & Paper Association, American Public Power Association, and National Rural Electric Cooperative Association responded and state that each of those parties take no position on Petitioners' request. NewSun Energy represents that it consents to the extension. The Solar Energy Industries Association states that it consents to Petitioners' request. One Energy states that it does not oppose Petitioners' request. Intervenor EEI is the only party who opposes and states that it contends an extension "will unnecessarily protract this long-pending litigation."

I declare under penalty of perjury that the preceding is true and correct.

Dated: October 12, 2023

David C. Bender

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document on October 12, 2023 with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

*/s/ David C. Bender*
David C. Bender
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
dbender@earthjustice.org